UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

| | |
|---|---|
| JOHNNY RAY LOPEZ, SR. ) | |
| ) | |
| v. ) | NO. 2:09-CV-213 |
| ) | *Greer/Inman* |
| DAVID HILTON, CHERI MCNEIL, ) | |
| DONNA TALMADGE, JASON LEWIS, ) | |
| SCOTT JENKINS, CAPT. CARL ) | |
| TURNER, and ALL OFFICERS OF THE ) | |
| JOHNSON CITY, TENN. (37601) ) | |
| POLICE DEPARTMENT ) | |

## MEMORANDUM and ORDER

Federal inmate Johnny Ray Lopez, Sr., brings this *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that he was subjected to an illegal search and sezure in violation of the Fourth Amendment to the U.S. Constitution.[1]

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B).

---

[1] Plaintiff is currently confined in the FCI in Forest City, Arkansas, (Doc. 10).

Thereafter, the custodian shall submit twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee has been paid to the Clerk's Office. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). All payments should be sent to: Clerk, USDC; 220 West Depot Street, Suite 200; Greeneville, TN 37743.

To ensure compliance with the fee-collection procedures, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the Warden and the custodian of inmate accounts at the institution where plaintiff is now confined.

The "Statement of Claim" section of plaintiff's complaint reads, in its entirety:

"On January 4, 2008 about 8:00 p.m. A The police came to my apartment on a (sic) unknown disturbance, 2 times. First time they said they heard nothing, the second time they came, they came through my apartment place me under arrest, domestic and felon with firearm, with no prouble (sic) cause and without warrant at all. All 6 officers intered (sic) my apt. and put me in jail. My 4th Amendment & 14th Amendment." (Compl., ¶ IV).

The plaintiff asks the Court "to right the wrong the Johnson City Tenn. Police Department has done to [him]," (Compl., ¶ V). Additional factual background for the Fourth Amendment claims contained in this complaint may be found in *United States v. Lopez*, Criminal Action Number 2:08-cr-94 (E.D.Tenn. Oct. 31, 2008) (Doc. 37, Order of April 13, 2009, granting suppression motion).

The Court now screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e), to determine whether it must be dismissed because it is frivolous; fails to state a claim upon which relief can be granted; or seeks damages from a defendant who is immune from such relief. *McGore*, 114 F.3d at 608. A claim is frivolous if it lacks an arguable basis in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and claims which are barred by the applicable statute of limitations are frivolous. *Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir.2001).

Unfortunately for plaintiff, the Court concludes that this complaint is untimely filed. The statute of limitations controlling a civil rights action for damages in the State of Tennessee, *see Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (a state's statute of limitations is applied to § 1983 claims arising in that state), provides a one (1) year period in which a lawsuit may be commenced after the cause of action accrued, *see* Tenn. Code Ann. § 28-3-104,[2] and the statute begins to run when the plaintiff knows or has reason to know of the injury upon which his action is based. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007); *Berndt v. Tennessee*, 796 F.2d 879, 883 (6th Cir. 1986).

The constitutional injury alleged in this case occurred during a search of plaintiff's apartment on January 4, 2008. On that date, plaintiff knew or should have known that the search was occurring and, thus, was aware, at that point in time, of his

---

[2] Tennessee Code Annotated § 28-3-104(a)(3) provides that "[c]ivil actions for compensatory or punitive damages, or both, brought under the federal civil rights statutes" are subject to a one year statute of limitations.

3

constitutional injury.[3] Therefore, the plaintiff would have had until January 4, 2009, to file his § 1983 lawsuit for damages based on claims that arose during this incident. *Wallace v. Kato*, 549 U.S. 384 (2007); *Fox*, 489 F.3d at 234 ("[W]e . . . find that the plaintiff's Fourth Amendment claims were likewise barred by the one-year statute of limitation and should have been dismissed as untimely.") (citing *Wallace*).

This action is deemed to have been filed on September 22, 2009, under the prison mailbox rule. *Houston v. Lack*, 487 U.S. 266, 271 (1988) (A prisoner's *pro se* civil rights action is filed on the date that it is properly delivered to the prison officials pursuant to the prison's established procedure for prisoners' mail.) Therefore, because the applicable statute of limitations began to run on plaintiff's claim on January 4, 2008, and because this action was filed in this Court more than one year after that date, the statute of limitations bars this complaint, unless, for some reason, the statute is tolled.

The statute of limitations is not unyielding and may be suspended for equitable reasons. Factors to be evaluated by a court which is considering whether to equitably toll a statute of limitations include a lack of notice of the filing requirement; a lack of constructive knowledge of the filing requirement; a litigant's diligence in pursuing his

---

[3] The fact that a criminal prosecution ensued based on a weapon discovered during that search—a fact not mentioned in the complaint—did not serve to delay the ticking of the one-year clock. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that a plaintiff who files a Fourth Amendment claim before conviction may ask for a stay until the criminal case has ended); *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 639 (6th Cir. 2007) ("[T]he *Wallace* court expressly rejected the rationale . . . that requiring a criminal defendant to timely assert any civil claim would unfairly require him to divide his attention between criminal and civil cases.").

4

rights; absence of prejudice to a defendant; and a plaintiff's reasonableness in remaining ignorant of the particular legal requirements. *See Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *see also Owens v. Naylor*, 71 Fed.Appx. 519, 521, 2003 WL 21782608, *2 (6th Cir. July 31, 2003). However, the Court finds no basis to invoke equitable tolling here, since plaintiff does not assert any of the preceding factors upon which to rest such a finding.

For the reasons set forth above, this case will be **DISMISSED** as time-barred. Upon carefully reviewing this complaint pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby **CERTIFIES** any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, should plaintiff file a notice of appeal from this decision, the Court hereby **DENIES** him leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24.

A separate order will enter.


**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE